# EXHIBIT C

Page 1

--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)
**(Cite as: 2010 WL 3512503 (W.D.Wash.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. Washington, at Seattle.
FEDERAL HOME LOAN BANK OF SEATTLE, Plaintiff,
v.
DEUTSCHE BANK SECURITIES, INC., et al., Defendants.

Case No. C10-0140 RSM.
Sept. 1, 2010.

**Background:** Federal Home Loan Bank (FHLB) of Seattle brought separate actions in state court against eleven financial institutions, alleging violations of Washington securities law. Actions were removed. FHLB brought omnibus motion for remand.

**Holdings:** The District Court, Ricardo S. Martinez, J., held that:
(1) FHLB charter did not confer federal jurisdiction over action;
(2) FHLB was not "government agency";
(3) FHLB could not have state citizenship;
(4) actions were "related to" bankruptcy proceedings; and
(5) equitable considerations warranted remand.

Motion granted.

West Headnotes

**[1] Removal of Cases 334 ⇌19(8)**

334 Removal of Cases
    334II Origin, Nature, and Subject of Controversy
        334k19 Cases Arising Under Laws of United States
            334k19(8) k. Actions by or against United States corporations in general. Most Cited Cases

Federal Home Loan Bank (FHLB) charter did not confer federal jurisdiction over removed action brought by FHLB against financial institutions, alleging violations of Washington securities law; phrase "of competent jurisdiction" within charter indicated need for supplementary legislation rendering district courts "competent" to hear FHLB cases. Federal Home Loan Bank Act, § 12(a), 12 U.S.C.A. § 1432(a).

**[2] Removal of Cases 334 ⇌19(8)**

334 Removal of Cases
    334II Origin, Nature, and Subject of Controversy
        334k19 Cases Arising Under Laws of United States
            334k19(8) k. Actions by or against United States corporations in general. Most Cited Cases

Federal Home Loan Bank (FHLB) was not "government agency," for purposes of district court's assertion of subject matter jurisdiction over removed action brought by FHLB against financial institutions, alleging violations of Washington securities law; notwithstanding federal government's proprietary interest, FHLB constituted network of twelve federally regulated, privately-owned mortgage credit providers. 28 U.S.C.A. § 1345.

**[3] Federal Courts 170B ⇌296.1**

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(B) Controversies Between Citizens of Different States
            170Bk296 Corporations
                170Bk296.1 k. In general. Most Cited Cases

Federally chartered organization cannot have state citizenship for diversity jurisdictional purposes unless: (1) its charter or organizing certificate so designates, or (2) its activities are "localized" in single state.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)
**(Cite as: 2010 WL 3512503 (W.D.Wash.))**

**[4]** Removal of Cases 334 ⚷29

334 Removal of Cases
    334III Citizenship or Alienage of Parties
        334k28 Diversity of Citizenship of Co-plaintiffs and Codefendants
            334k29 k. In general. Most Cited Cases

Federal Home Loan Bank (FHLB) could not have state citizenship, for purposes of district court's assertion of diversity jurisdiction in removed action brought by FHLB against financial institutions, alleging violations of Washington securities law; FHLB charter provided for twelve-district scheme, and bank's organizing certificate and multi-state business activities indicated national citizenship.

**[5]** Bankruptcy 51 ⚷2043(3)

51 Bankruptcy
    51I In General
        51I(C) Jurisdiction
            51k2043 Core, Non-Core, or Related Proceedings in General; Nexus
                51k2043(3) k. Related proceedings. Most Cited Cases

Test for whether lawsuit could "conceivably" have effect on bankruptcy proceeding, for jurisdictional purposes, inquires whether allegedly related lawsuit would affect bankruptcy proceeding without intervention of another lawsuit. 28 U.S.C.A. § 1334(b).

**[6]** Bankruptcy 51 ⚷2053

51 Bankruptcy
    51I In General
        51I(C) Jurisdiction
            51k2053 k. Issues between non-debtors. Most Cited Cases

Actions underlying suit brought by Federal Home Loan Bank (FHLB) against financial institutions, alleging violations of Washington securities law, were "related to bankruptcy proceedings," for purposes of district court's assertion of subject matter jurisdiction over suit; institutions were indemnified for certain losses resulting from instant action, pursuant to agreement with loan originator that was filing for bankruptcy. 28 U.S.C.A. § 1334(b).

**[7]** Bankruptcy 51 ⚷2091

51 Bankruptcy
    51I In General
        51I(D) Venue; Personal Jurisdiction
            51k2086 Transfer or Removal of Proceedings
                51k2091 k. Remand to state court. Most Cited Cases

Equitable considerations warranted remand of action brought by Federal Home Loan Bank (FHLB) against financial institutions, alleging violations of Washington securities law; action had only remote connection to proceedings involving loan originator that was filing for bankruptcy, implicated only state-law matters, and was substantially similar to FHLB's other remanded actions. 28 U.S.C.A. §§ 1334, 1452(b).

David J. Grais, Leanne M. Wilson, Owen L. Cyrulnik, Grais & Ellsworth LLP, New York, NY, Matthew A. Carvalho, Richard C. Yarmuth, Yarmuth Wilsdon Calfo PLLC, Seattle, WA, for Plaintiff.

Duffy J. Graham, Stephen C. Willey, Savitt Bruce & Willey LLP, Seattle, WA, James E. Brandt, Jamie L. Wine, Richard D. Owens, Latham & Watkins, New York, NY, John M. Falzone, Latham & Watkins, Newark, NJ, for Defendants.

ORDER OF REMAND
RICARDO S. MARTINEZ, District Judge.

**I. INTRODUCTION**

*1 This matter comes before the Court on Plaintiff Federal Home Loan Bank of Seattle's "Omnibus Motion to Remand." Plaintiff ("FHLB Seattle" or "the Bank") contends this Court lacks subject matter jurisdiction to hear this case. Defendants Deutsche Bank Securities, Inc. and related entities ("Defendants") assert four bases for jurisdiction: (1) that FHLB Seattle's charter confers fed-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

eral jurisdiction over every action to which the Bank is a party; (2) that FHLB Seattle is a United States government "agency" subject to federal jurisdiction under 28 U.S.C. § 1345; (3) that FHLB Seattle is a citizen of Washington State, diverse from Defendants; and (4) that this action is subject to federal jurisdiction under 28 U.S.C. § 1334(b) because it is "related to" bankruptcy proceedings. Having considered all the parties' arguments, this Court finds that none of Defendants' first three theories provides a basis for federal jurisdiction. The Court agrees with Defendants that there is "related to" bankruptcy jurisdiction over this action, but also finds that the equities favor remand.

For the reasons set forth below, the Court agrees with the Plaintiff and GRANTS Plaintiff's motion to remand.

## II. BACKGROUND

On December 23, 2009 Plaintiff filed eleven separate actions in King County Superior Court against eleven financial institutions, alleging violations of the Securities Act of Washington (SAW), RCW 21.20.010(2) [FN1]. All defendants removed to District Court. None of the actions were consolidated, but they were transferred to a single judge in the interest of efficiency. On March 11, 2010, Plaintiff filed an "Omnibus Motion to Remand," to which all defendants objected.

## III. DISCUSSION

Congress created the Federal Home Loan Bank System in 1932, to provide Depression relief to the home loan mortgage industry and to promote home ownership. FHLBs are cooperatives-their membership is private, but they are instruments in a congressional regulatory scheme overseen by a central Federal Home Loan Bank Board. Each FHLB shares a common federal charter, but has its own "organizing certificate" establishing its zone of operation and "home office" in one of 12 multi-state FHLB "Districts." Defendants are indemnified for certain losses resulting from this action, pursuant to an agreement with "loan originator" American Home Mortgage Corporation (AHM), which is currently filing for bankruptcy.

1. *The Charter*

The FHLB charter empowers each Bank's directors "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1432(a). FHLB Seattle maintains that the phrase, "of competent jurisdiction," indicates the need for supplementary legislation rendering the district courts "competent" to hear an FHLB case. Defendants contend that the charter itself confers jurisdiction on the district courts.

Defendants base their argument on *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Raines,* 534 F.3d 779 (D.C.Cir.2008), in which the D.C. Circuit applied *American National Red Cross v. Solicitor General,* 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992) to hold that the Fannie Mae charter confers federal jurisdiction, despite its "competent jurisdiction" clause. *Red Cross* does not address the meaning of a "competent jurisdiction" clause; rather, it distinguishes charters that mention the federal courts from those that do not, holding that "a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." *Red Cross,* 505 U.S. at 255, 112 S.Ct. 2465. The *Pirelli* majority construed *Red Cross* expansively, and Defendants invoke *Pirelli* to argue that the word, "federal," appearing in a congressional charter, is a "talisman" whose power to create federal jurisdiction cannot be negated by the addition of a "competent jurisdiction" clause. (Pl. Reply at 11.)

**\*2** [1] In opposition, Plaintiff argues that a "competent jurisdiction" clause would be superfluous if it did not necessitate a separate jurisdictional grant. Three district court decisions support this position, one of which succeeded and declined to follow *Pirelli. Rincon Del Sol, LLC v. Lloyd's of London,* 709 F.Supp.2d 517 (S.D.Tex.2010); *Knuckles v. RBMG, Inc.,* 481 F.Supp.2d 559 (S.D.W.Va.2007); *Fed. Nat'l Mortgage Ass'n v.*

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

*Sealed,* 457 F.Supp.2d 41 (D.D.C.2006). Because it agrees with the reasoning in all these district court decisions, as well as with the *Pirelli* concurrence, this Court finds that a "competent jurisdiction" clause necessitates a supplementary grant of federal jurisdiction. Accordingly, this Court agrees with Plaintiff that the FHLB charter does not confer federal jurisdiction over this action.

2. *Government Agency Status*

28 U.S.C. § 1345 provides that "the district courts shall have original jurisdiction of all civil actions ... commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." Defendants contend that FHLB Seattle is an "agency" of the United States Government, over which section 1345 confers federal jurisdiction in this action. (Def. Res. at 9.) FHLB Seattle disputes this characterization. (Pl. Mot. at 15.)

Defendants cite *Fahey v. O'Melveny & Myers,* 200 F.2d 420 (9th Cir.1952), for the ostensible holding that Federal Home Loan Banks are government agencies. This Court finds *Fahey* inapposite, however, because it concerned neither section 1345 nor the status of individual FHLBs.

The *Fahey* court held that members of the former FHLB Los Angeles could not recover assets and attorney fees from FHLB San Francisco after the FHLB Board consolidated the Banks. 200 F.2d 420 at 444. The court reasoned that the action, superficially by one FHLB against another, served fundamentally to challenge the Board's reorganization scheme, rendering it an "unconsented suit against the United States." *Id.* at 458. Defendants correctly cite a single sentence in which the *Fahey* court claims to have "held" FHLBs to be government agencies: "(This action) ... is directed against the FHLB of San Francisco which we have held to be an agency of the United States." 200 F.2d at 458. Its own statement notwithstanding, however, the *Fahey* court never considered the Banks' agency status. It merely determined that litigation between individual Banks was not a legitimate means by which to compel action by the FHLB Board. *Fahey* determined the Board's "agency" status for purposes of due process, but does not help this Court determine the status of individual FHLBs for jurisdiction.

Instead of relying on *Fahey,* this Court applies the six-factor test for agency status established in *In re Hoag Ranches v. Stockton Production Credit Association,* 846 F.2d 1225, 1227-28 (9th Cir.1988). Although the *Hoag* test has only been applied for purposes of Federal Rule of Appellate Procedure 4(a)(1), this Court finds it apposite because it derives from cases construing section 1345 and 28 U.S.C.A. § 451, which defines a government "agency" as "any department, (etc.) ... in which the United States has a proprietary interest."

**\*3** Under Hoag, this Court considers:

(1) the extent to which an entity performs a government function; (2) the scope of the government's involvement in the entity's management; (3) whether the entity is financed by the government; (4) whether persons other than the government have a proprietary interest in the entity, and whether the government's interest is merely custodial or incidental; (5) whether the entity is referred to as an agency in other statutes; and (6) whether the entity is treated as an arm of the government for other purposes, such as amenability to suit under the Federal Tort Claims Act.

846 F.2d at 1227-8.

As evidence that FHLBs "perform a government function," Defendants cite *Laurens Federal Savings & Loan Association v. S.C. Tax Commission,* 365 U.S. 517, 522, 81 S.Ct. 719, 5 L.Ed.2d 749 (1961), for its finding that Congress created the FHLB system to increase home-ownership. Defendants also provide a list of the Banks' "extensive statutorily mandated functions." (Def. Res. at 13.) The cases from which the *Hoag* court derives its first factor, however, suggest that a federally chartered entity may need to have "rule-making or

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)
**(Cite as: 2010 WL 3512503 (W.D.Wash.))**

regulatory authority" to be considered to perform a government function. *See, e.g., Rauscher Pierce Refsnes, Inc. v. FDIC,* 789 F.2d 313, 315 (5th Cir.1986) (FDIC performs a government function because it can "regulate banking practices ... and provid(e) deposit insurance on a consistent nationwide basis"); *Government National Mortgage Association v. Terry,* 608 F.2d 614, 619 (5th Cir.1979) (Ginnie Mae is a government agency in part because it "controls [certain] ... functions of the federal housing program").

As evidence that the Bank is government-managed, Defendants cite the FHLB charter, which dictates the terms according to which each Bank's board of directors will serve, (12 U.S.C. § 1427), vests authority in the Treasury Secretary to designate any Bank a "depositary of public money ... (and) a financial agent of the Government," (12 U.S.C. § 1434), and authorizes government audits of the Banks, (12 U.S.C. § 1431[j] ). Defendants also note that the government may use FHLB employees, officers or agents to carry out government functions. 12 C.F.R. § 995.5. (Def. Res. at 14.) It is not clear, however, that this type of regulation constitutes "management" for jurisdictional purposes. See *Federal Land Bank of Columbia v. Cotton,* 410 F.Supp. 169, 171 (D.C.Ga.1975) ("the plaintiff bank ... was obviously meant to be a private, rather than governmental, corporation, which would merely be subject to various federal regulations").

As evidence that FHLBs are government-funded, Defendants point to their tax-exempt status under 12 U.S.C. § 1443, and cite *Regan v. Taxation with Representation of Washington,* 461 U.S. 540, 544, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983) for the determination that tax exemptions are a form of subsidy. (Def. Res. at 14-15.) It seems unlikely, however, that Congress intends every organization receiving tax exemptions to be considered a government "agency."

**\*4** To satisfy Hoag's fifth factor, Defendants offer only 12 C.F.R. § 201.108(b), which characterizes FHLB "notes and bonds" as "ful(ly) guaranteed ... by a Federal agency." (Def. Res. at 16-17.) To satisfy the sixth factor, Defendants cite *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco,* 589 F.Supp. 885, 894 (N.D.Cal.1983), which held that FHLB San Francisco was a government agency for purposes of the Administrative Procedure Act. Plaintiff cites *Rheams v. Bankston, Wright & Greenhill,* 756 F.Supp. 1004 (W.D.Tex.1991), which held that FHLB Dallas was not a government agency for the purposes of the Federal Tort Claims Act. In summation, *Hoag* is not particularly clarifying when applied without context. Therefore, this Court considers the Hoag factors in connection with the line of cases addressing the "agency" question for jurisdictional purposes.

[2] In cases construing sections 1345 and 451, *Hoag's* fourth factor is paramount, since these cases necessarily consider whether the government has a "proprietary" and non-"incidental" interest in the plaintiff organization. See *Scott v. Federal Reserve Bank of Kansas City,* 406 F.3d 532, 535 (8th Cir.2005) ("United States has an interest in the Federal Reserve Banks ... but this interest is not proprietary"); *Government National Mortgage Association v. Terry,* 608 F.2d 614, 619 (5th Cir.1979) ("interest of the United States in (Ginnie Mae) cannot possibly be termed to be 'incidental' "); *Acron Invest., Inc. v. Federal Savings & Loan Insurance Corp.,* 363 F.2d 236, 238-40 (9th Cir.1966) (FLSIC is a government agency because the control "Congress and the United States exercise over [it] is clearly more than custodial or incidental" and government therefore has a "proprietary interest"); *Federal Land Bank v. Cotton,* 410 F.Supp. 169, 171 (N.D.Ga.1975) (Bank not an "agency" for Section 1345's purposes because government had no "substantial proprietary interest" and Bank was "merely ... subject to various federal regulations"). Cases addressing section 1345 establish a clear pattern: those that hold quasi-governmental corporations to be "agencies" for Section 1345's purposes involve single administrative entities, while those that deny jurisdiction involve entities whose cor-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)
**(Cite as: 2010 WL 3512503 (W.D.Wash.))**

porate structures resemble the FHLBs'. At the time *Cotton* was decided, the Federal Land Banks were, like the Federal Home Loan Banks today, a network of 12 federally regulated, privately owned, mortgage credit providers. Farm Credit Administration Description of FCS Institution Types, http://www.fca.gov/info/institution_description.html (last visited July 26, 2010). Similarly, the Federal Reserve Bank of Kansas City, whose agency status the *Scott* court rejected, is one of many privately directed branch banks operating in 12 federally created "Districts." The Federal Reserve Board 12 Federal Reserve Districts, http://www.federalreserve.gov/otherfrb.htm (last visited July 26, 2010). In terms of the government's "proprietary interest," therefore, FHLB Seattle appears analogous to both the Federal Land Banks of 1975 and the Federal Reserve Bank of Kansas City. Accordingly, this Court finds that FHLB Seattle is not a government agency for the purposes of section 1345.

3. *Diversity*

**\*5** [3][4] All parties acknowledge that as a federally chartered organization FHLB Seattle cannot have state citizenship unless (1) its charter or organizing certificate so designates; or (2) its activities are "localized" in a single state. *Loyola Fed. Sav. Bank v. Fickling,* 58 F.3d 603 (11th Cir.1995); *Iceland Seafood Corporation v. National Consumer Cooperative Bank,* 285 F.Supp.2d 719 (E.D.Va.2003). FHLB Seattle meets neither exception.

FHLB Seattle's organizing certificate locates the Bank in District 12, which encompasses "The States of Alaska, Hawaii, Idaho, Montana, Oregon, Utah, Washington, and Wyoming, and Guam." (Pl. Mot., Exhibit E.) The certificate also locates the Bank's "principal office ... in the City of Spokane, State of Washington, or at such other city as the FHLB Board may from time to time determine." (*Id.,* Exhibit E.) In light of the 12-District scheme, the certificate's language is too vague to designate Plaintiff a citizen of Washington State.

"Localization" requires a more complex analysis. In previous cases addressing the issue, courts have considered the relationship between a federal organization's charter, certificate, and business activities. *See, e.g., Prize Energy Resources, L.P. v. Santa Fe Pacific Railroad Co.,* 2009 WL 160359 (D.Ariz.2009) (railroad company's activities not localized when conducted in at least three states, and when charter indicated no intent to localize); *Auriemma Consulting Group, Inc. v. Universal Savings Bank,* 367 F.Supp.2d 311, 314 (E.D.N.Y.2005) (Bank's multi-state activities not localized in part because its "website makes perfectly clear [its intent] to exercise ... powers granted by its charter ... to do business on a nationwide basis"); *Iceland Seafood Corporation v. National Consumer Cooperative Bank,* 285 F.Supp.2d at 726 (noting that cases finding state citizenship involve entities "bearing the name of a particular state or region, and all having a corresponding scope of activity"); *Burton v. U.S. Olympic Committee,* 574 F.Supp. 517, 521 (D.C.Cal.1983) (U.S. Olympic Committee's activities not localized, on the basis of its charter and multi-state activities). All of Plaintiff's branch offices are in Washington State, but the Bank conducts more than half of its business elsewhere in FHLB District 12. (Pl. Reply at 19-20.) Most of the Bank's directors are based outside of Washington, and non-Washington-based members own most of its stock. *Id.* at 20. In light of the FHLB charter's 12-District scheme, FHLB Seattle's organizing certificate and business activities indicate that the Bank has only national citizenship. Accordingly, there is no federal diversity jurisdiction over this action.

4. *Related to Bankruptcy Jurisdiction*

[5] 28 U.S.C. § 1334(b) confers federal jurisdiction over all actions "related to" bankruptcy proceedings. All parties acknowledge the Ninth Circuit's test for "related to" bankruptcy jurisdiction: "The test ... for whether a lawsuit could 'conceivably' have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)
**(Cite as: 2010 WL 3512503 (W.D.Wash.))**

without the intervention of another lawsuit." *In re Federal-Mogul Global, Inc.,* 300 F.3d 368, 382 (3d Cir.2002) [clarifying *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988) ].

**\*6** [6] Defendants' indemnification agreement with AHM protects them against "any losses arising from any false or misleading statements or omissions or alleged false or misleading statements or omissions related to (AHM's) disclosures." (Dkt. # 140-38 at 2; *Id.* Exhibit 7, § 12A.04[i][A].) This agreement is analogous to those at issue in recent cases finding indemnification contracts to sustain "related to" bankruptcy jurisdiction. *See, e.g., Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 385-87 (5th Cir.2010) (contract indemnifying defendant for "all losses ... [resulting from] any breach of a representation" sustains bankruptcy court's "related to" jurisdiction; contract-based indemnification claims distinguishable from those based in tort). *Pacific Life Insurance Co. v. J.P. Morgan Chase & Co.,* 2003 WL 22025158, at \*1, 2003 U.S. Dist. LEXIS 14705, at \*5 (CD.Cal.2003) (indemnification agreement with bankrupt loan originator may sustain "related to" jurisdiction, "even if Defendants are not guaranteed indemnification"). Accordingly, this Court agrees with Defendants that "related to" federal bankruptcy jurisdiction exists over this action.

5. *Equitable Remand*

28 U.S.C. § 1452(b) provides that a court to which a claim is removed pursuant to Section 1334 "may remand such claim ... on any equitable ground". § 1452(b). Ninth Circuit courts consider seven factors in determining whether to remand a "related to" case on equitable grounds:

> (1) The effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy estate; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

[7] See *Hopkins v. Plant Insulation Co.,* 349 B.R. 805, 813 (N.D.Cal.2006); *Williams v. Shell Oil Co.,* 169 B.R. 684, 692-93 (S.D.Cal.1994). FHLB Seattle contends that this action has only a "remote" connection to bankruptcy proceedings [factors (1) and (5) ]; that its only claims arise under state law [factors (2) and (3) ]; that it is entitled to a jury trial, [factor (6) ]; that it would suffer prejudice if forced to litigate 11 similar actions on two different fronts, [factor (7) ]; and that dividing the actions would risk inconsistent verdicts, [factor (4) ]. (Pl. Reply at 25-26.)

Defendants offer no convincing counterargument. First, Defendants assert that this Court is well-equipped to hear SAW claims, and cites *Fedders North America, Inc. v. Branded Products,* 154 B.R. 936 (Bankr.W.D.Tex.1993) for the determination that the mere presence of state law claims is not grounds for removal. 154 B.R. at 947. Plaintiff, however, does not dispute this Court's facility with state law; it merely suggests that the interests of comity and efficiency would be better served if the same court system heard 11 substantially similar claims.

**\*7** Second, Defendants argue that FHLB Seattle's right to a jury trial cannot independently sustain a determination to remand, citing *Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLP,* No. 07-1936, 2008 WL 2690731, aff'd, 569 F.3d 485 (D.C.Cir.2009). (Dkt. # 140-38 at 10.) *Capitol Hill* is inapposite, however, because the cause of action at issue in that case was "inseparable from the bankruptcy context"-in other words, it was a core proceeding. 569 F.3d at 489. Because FHLB Seattle's claim against Defendants is "related to" bankruptcy proceedings, it is by definition not a "core" proceeding. *In re Missouri Properties, Ltd.,* 211 B.R. 914 (Bankr.W.D.Mo.1996) at 922. Courts have granted equitable remand solely on the basis of a party's entitlement to a jury trial when that party's action was not a "core proceeding." *See Zweygardt v. Colorado National Bank of Denver,* 52 B.R. 229

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)
**(Cite as: 2010 WL 3512503 (W.D.Wash.))**

(Bankr.D.Colo.1985).FN2

Section 1452(b) affords "an unusually broad grant of authority." *In re Roman Catholic Bishop of San Diego,* 374 B.R. 756, 761 (Bankr.S.D.Cal.2007). Any one of the seven relevant factors may provide a sufficient basis for equitable remand. *Browning v. Navarro,* 743 F.2d 1069, 1077 (5th Cir.1984). This action involves no "core" matters, implicates only state law, and is substantially similar to Plaintiff's ten other remanded SAW actions. Accordingly, this Court agrees with Plaintiff that the equities favor remand to state court.

### IV. CONCLUSION

For the foregoing reasons, this Court finds that (1) the FHLB charter does not confer federal jurisdiction over this action; (2) Plaintiff is not subject to federal jurisdiction as a government "agency"; and (3) there is no federal diversity jurisdiction over this action because Plaintiff has only national citizenship. Accordingly, this Court finds it lacks subject matter jurisdiction to hear this case on any ground other than "related to" bankruptcy jurisdiction. On that ground, the Court finds it has jurisdiction. Because the equities favor remand, however, this Court grants Plaintiff's Motion to Remand.

FN1. *FHLB Seattle v. Morgan Stanley & Co., Inc., et al.,* Case No. 10-0132; *FHLB Seattle v. Barclays Capital, Inc., et al.,* Case No. 10-0139; *FHLB Seattle v. Deutsche Bank Securities Inc., et al.,* Case No. 10-0140; *FHLB Seattle v. UBS Securities, et al.,* Case No. 10-0146; *FHLB Seattle v. Bank of America Securities LLC, et al.,* Case No. 10-0147; *FHLB Seattle v. Countrywide Securities Corp., et al.,* Case No. 10-0148; *FHLB Seattle v. Merrill Lynch Pierce Fenner & Smith Inc., et al.,* Case No. 10-0150; *FHLB Seattle v. Bear, Stearns & Co., Inc., et al.,* Case No. 10-0151; *FHLB Seattle v. Credit Suisse Securities (USA) LLC, et al.,* Case No. 10-0167; *FHLB Seattle v. RBS Securities, Inc., et al.,* Case No. 10-00168; *FHLB Seattle v. Goldman, Sachs & Co. et al.,* Case No. 10-0177.

FN2. Defendants also argue that FHLB Seattle lost the right to remand by failing to file within 30 days of removal, per 28 U.S.C. § 1447. (Def. Res. at 9). This argument is not sound because section 1447 applies only to remand for reasons other than lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). All of FHLB Seattle's other justifications for remand relate to this Court's lack of subject matter jurisdiction. If section 1447 does not preclude remand of the other ten actions, common sense dictates that is should not preclude this Court from remanding this action on the ground that it is substantially similar.

W.D.Wash.,2010.
Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc.
--- F.Supp.2d ----, 2010 WL 3512503 (W.D.Wash.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.