**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF INDIANAPOLIS,<br><br>           Plaintiff,<br><br>v.<br><br>BANC OF AMERICA MORTGAGE SECURITIES, INC., ET AL.,<br><br>           Defendants. | Civil Action: 1:10-cv-1463-WTL-DML |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF MOTION TO REMAND**

Plaintiff Federal Home Loan Bank of Indianapolis ("the Bank") submits the following two decisions as supplemental authority in support of its Motion to Remand (Dkt. No. 102), both of which were issued after the Bank filed its Reply In Support of Plaintiff's Motion to Remand on February 16, 2011 (Dkt. No. 158):

(1)      Order Re: Plaintiff's Motion to Remand, *FHLB Chicago v. Banc of America Securities LLC*, No. 10-CV-09105 MRP (C.D. Cal. Mar. 15, 2011) ("*FHLB Chicago II*")[1] (attached to the Declaration of Derek Loeser ("Loeser Decl."), filed concurrently herewith, at Ex. 1); and

(2)      Order Granting Motion to Remand and Remanding Action to San Francisco Superior Court, *The Charles Schwab Corporation v. BNP Paribas Securities*, No. 03:10-cv-04030SI, 2011 WL 724696 (N.D. Cal. Feb. 23, 2011) ("*Schwab*") (Loeser Decl., at Ex. 2).

---

[1] For ease of reference, *FHLB Chicago I* refers to *FHLB Chicago v. Banc of Am. Funding Corp.*, No. 10-7560, --- F.Supp.2d ----, 2011 WL 151842 (N.D. Ill. Jan. 18, 2011), a copy of which was submitted as Exhibit A to the Bank's Reply in Support of Plaintiff's Motion to Remand (Dkt. No. 158).

In granting the plaintiffs' remand motions in these actions, the *FHLB Chicago II* and *Schwab* courts both remanded based on equitable factors despite the same "related to" bankruptcy arguments made by Defendants in this matter. In addition, the court in *FHLB Chicago II* rejected the identical argument made by Defendants in this action that the "sue and be sued" clause in the Bank's charter established subject matter jurisdiction.

A.   *FHLB Chicago v. Banc of Am. Securities LLC*

    1.   **FHLB Charter Does Not Create Original Federal Jurisdiction.**

In *FHLB Chicago II,* Judge Pfaelzer rejected defendants' argument that the "sue and be sued" clause in the Federal Home Loan Bank Charter, 12 U.S.C. § 1432(a), created original federal jurisdiction. *FHLB Chicago II* at 13. The court relied on "the same reasons that fourteen out of fifteen federal courts have rejected Defendants' argument"[2] and held that "[t]here must be an independent basis for federal subject matter jurisdiction before a federal court is a 'court of competent jurisdiction' in which the FHLB may sue and be sued." *Id.*

    2.   **Equities Favor Remand.**

Despite the Defendants' reliance in this case on Judge Pfaelzer's opinion in *Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, No. 10- 07275, 2010 WL 5559973 (C.D. Cal. Dec. 29, 2010), in *FHLB Chicago II*, Judge Pfaelzer noted that the FHLB cases were "distinguishable from *Stichting* in several important ways" and held that FHLB Chicago's case should be remanded to state court on equitable grounds. *FHLB Chicago II* at 5.

First, Judge Pfaelzer noted:

> All courts that have recently considered removal and remand of substantially similar actions brought by a Federal Home Loan Bank have each remanded because the connection to bankruptcy was attenuated and state law issues predominated.

---

[2] The fifteenth court referenced by Judge Pfaelzer is this court, in which the Bank's remand motion is still pending.

*FHLB Chicago II* at 11.  The court found that the FHLB Chicago action "has only a remote connection to bankruptcy proceedings" because "only two tranches of the fifteen offerings at issue" were covered by indemnity agreements with a bankrupt mortgage originator. *Id.* at 12.  Similarly in this case, the Bankruptcy Removing Defendants assert that they have indemnity claims regarding only two out of the *thirty-two* certificates at issue in this case.  *See* Supplemental Brief of UBS and Wells Fargo (Dkt. No. 155) at 3 & n.5.  Such a remote connection to the relevant bankruptcy proceedings cannot support "related to" jurisdiction.  *See also* Reply In Support of Plaintiffs' Motion to Remand ("Reply") (Dkt. No. 158) at 16-17.

Second, the court relied on the fact that "the majority of the claims arise under state law." *FHLB Chicago II* at 12.  Here the bank raises federal causes of action with respect to only ten out of thirty bonds, and, hence, the same rationale applies.  *See* Compl. ¶¶ 406, 422, 434, 449, 462.  Judge Pfaelzer also noted that "the federal claims cannot serve as a basis for federal jurisdiction" because "the Securities Act claims are expressly non-removable under Section 22(a) of the Act." *FHLB Chicago II* at 12 n.4 (citing 15 U.S.C. § 77v(a)).  *See also* Reply at 18-19.

**B.** **The Charles Schwab Corporation v. BNP Paribas Securities**

In *Schwab*, Judge Illston, without ruling on whether the case satisfied the applicable "related to" bankruptcy test, held that the equities favored remand to state court.  First, Judge Illston held that comity weighed in favor of remand:

> The Court finds that this case raises substantial state law claims, as well as claims arising under the Securities Act of 1933, so neither federal nor state law predominates. However, claims under the Securities Act first filed in state court are normally not removable. *See* 15 U.S.C. § 77v(a). Therefore, the Court finds that comity concerns weigh in favor of remanding this action to state court.

*Schwab*, 2011 WL 724696, at *3.  Similarly, as discussed above, comity favors remand here because this case raises substantial state law claims, while the only federal claims are expressly non-removable under Section 22(a) of the Securities Act.  *See* 15 U.S.C. § 77v(a).

3

Second, Judge Illston noted:

> Wells Fargo does not explain how its claims will be treated under the AHM liquidation plan or how this action could impact the administration of that plan, given the fact that only a small number of loans – *e.g.*, 292 loans of the more than 70,000 loans covered by the Amended Complaint – are covered by the AHM indemnity agreement benefitting Wells Fargo.

*Schwab*, 2011 WL 724696, at *3. Judge Illston found "that the connection between this case and the bankruptcy proceedings in Delaware is very, very remote," noting:

> The Court cannot tell, and neither party asserts, that the claims at issue here are related in any way to claims at issue in the AHM bankruptcy proceeding. The Court can tell that only 262 loans – 5.5% of the loans in *one* of three Wells Fargo trusts – are implicated by the AHM indemnity agreement. The Court can also tell that the matter pending before this Court does not involve "core" bankruptcy matters.

*Schwab*, 2011 WL 724696, at *3. Here, the relationship of the Bank's claims to the bankruptcy proceedings is similarly remote – if it exists at all. *See* Reply at 18-19. Here, AHM loans amount to only 14.2% of the loans in the collateral pool in only *one* of the *five* Wells Fargo Trusts. (Loeser Decl., at ¶ 6). More telling, given Defendants' effort to bootstrap the entire case into federal court, only 334 of the approximately 40,800 loans backing the certificates at issue in the case are covered by an indemnity agreement with AHM, and only 680 are covered by the alleged indemnity agreement with IndyMac. *Id.* at ¶¶ 5-7. Thus, all told, only 2.5% of the loans at issue in this complaint could even arguably be "related" to any asserted bankruptcy proceeding. *Id.* As discussed in *Schwab*, such a remote relationship to bankruptcy justifies equitable remand.

For these reasons, the Bank asks this Court to consider the *FHLB Chicago II* and *Schwab* decisions as supplemental authority in further support of its Motion to Remand.

DATED: March 17, 2011         KELLER ROHRBACK L.L.P.

                                              *s/ Derek W. Loeser*
                                              Lynn Lincoln Sarko
                                              lsarko@kellerrohrback.com

Derek W. Loeser
dloeser@kellerrohrback.com
Amy Williams-Derry
awilliams-derry@kellerrohrback.com
Elizabeth A. Leland
bleland@kellerrohrback.com
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
(206) 623-1900, Fax (206) 623-3384

KELLER ROHRBACK P.L.C.
Gary A. Gotto
ggotto@kellerrohrback.com
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012
(602) 248-0088, Fax (602) 248-2822


CANTRELL, STRENSKI & MEHRINGER, LLP
James P. Strenski, (#18186-53)
Anna M. Mallon, (#23693-49A)
2400 Market Tower
10 West Market Street
Indianapolis, IN 46204
(317) 352-3500
Fax: (317) 352.3501
jstrenski@csmlawfirm.com
amallon@csmlawfirm.com

*Counsel for Plaintiff, Federal Home Loan Bank of Indianapolis*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of March, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

| Attorneys | Represents |
|---|---|
| Howard M. Privette<br>John S. Durrant<br>William F. Sullivan<br>Paul, Hastings, Janofsky & Walker, LLP<br>howardprivette@paulhastings.com<br>johndurrant@paulhastings.com<br>williamsullivan@paulhastings.com<br><br>Jennifer Westerhaus Adams<br>Anne N. DePrez<br>Barnes & Thornburg LLP<br>jadams@btlaw.com<br>anne.deprez@btlaw.com | UBS Securities, Inc. |
| Christopher J. Dunne<br>Harsh N. Trivedi<br>Rhiana L. Swartz<br>Richard H. Klapper<br>Theodore Edelman<br>Sullivan & Cromwell, LLP<br>dunnec@sullcrom.com<br>trivedih@sullcrom.com<br>swartzr@sullcrom.com<br>klapperr@sullcrom.com<br>edelmant@sullcrom.com<br><br>Brian E. Casey<br>Hamish S. Cohen<br>Barnes & Thornburg LLP<br>brian.casey@btlaw.com<br>hamish.cohen@btlaw.com | Goldman, Sachs & Co.<br>GS Mortgage Securities Corp.<br>Goldman Sachs Mortgage Company<br>The Goldman Sachs Group, Inc. |
| Christopher G. Scanlon<br>Harmony A. Mappes<br>Paul A. Wolfla<br>Baker & Daniels<br>chris.scanlon@bakerd.com<br>harmony.mappes@bakerd.com<br>paul.wolfla@bakerd.com | J.P. Morgan Acceptance Corporation I<br>J.P. Morgan Securities Inc.<br>JPMorgan Securities Holdings LLC<br>JPMorgan Chase & Co.<br>The Bear Stearns Companies LLC, f/k/a<br>The Bear Stearns Companies, Inc.<br>Bear, Stearns & Co., Inc.<br>Structured Asset Mortgage Investments II |

| | |
|---|---|
| A. Robert Pietrzak<br>Dorothy J. Spenner<br>Owen H. Smith<br>Tom A. Paskowitz<br>Sidley Austin, LLP<br>rpietrzak@sidley.com<br>dspenner@sidley.com<br>osmith@sidley.com<br>tpaskowitz@sidley.com | Inc.<br>WaMu Asset Acceptance Corp.<br>WaMu Capital Corp. |
| Dorothy J. Spenner<br>Sidley Austin, LLP<br>dspenner@sidley.com<br><br>Christopher G. Scanlon<br>Harmony A. Mappes<br>Paul A. Wolfla<br>Baker & Daniels<br>chris.scanlon@bakerd.com<br>harmony.mappes@bakerd.com<br>paul.wolfla@bakerd.com | Chase Mortgage Finance Corporation |
| Andrew W. Hull<br>Jason L. Fulk<br>Hoover Hull, LLP<br>awhull@hooverhull.com<br>jfulk@hooverhull.com | Credit Suisse First Boston Mortgage Securities Corp.<br>Credit Suisse Securities (USA) LLC f/k/a Credit Suisse First Boston LLC<br>Credit Suisse Holdings (USA), Inc.<br>Credit Suisse (USA), Inc. |
| Richard W. Clary<br>Michael T. Reynolds<br>Cravath Swaine & Moore LLP<br>rclary@cravath.com<br>mreynolds@cravath.com<br><br>Andrew W. Hull<br>Jason L. Fulk<br>Hoover Hull LLP<br>ahull@hooverhull.com<br>jfulk@hooverhull.com | Credit Suisse First Boston Mortgage Securities Corp.<br>Credit Suisse Securities (USA) LLC f/k/a Credit Suisse First Boston LLC<br>Credit Suisse Holdings (USA), Inc.<br>Credit Suisse (USA), Inc. |
| Judy L. Woods<br>Bose McKinney & Evans<br>jwoods@boselaw.com | Countrywide Financial Corporation<br>CWMBS, Inc. |
| Adam S. Hakki<br>Daniel H.R. Laguardia<br>Stephen D. Hibbard<br>Shearman& Sterling, LLP<br>ahakki@shearman.com<br>dlaguardia@shearman.com | Countrywide Financial Corporation<br>CWMBS, Inc. |

| | |
|---|---|
| Judy L. Woods<br>Bose McKinney & Evans, LLP<br>jwoods@boselaw.com | |
| Linda L. Pence<br>David J. Hensel<br>Pence Hensel LLC<br>lpence@pencehensel.com<br>dhensel@pencehensel.com<br><br>William Casano<br>Greenstein Delorme & Luchs, P.C.<br>wcc@gdlaw.com | First Savings Mortgage Corporation |
| Brian D. Sieve<br>Seth A. Gastwirth<br>Kirkland & Ellis, LLP<br>brian.sieve@kirkland.com<br>seth.gastwirth@kirkland.com<br><br>Ryan L. Leitch<br>Sarah Tuohy MacGill<br>Riley Bennett & Egloff, LLP<br>rleitch@rbelaw.com<br>smacgill@rbelaw.com | First Tennessee Bank National Association<br>First Horizon Asset Securities, Inc. |
| Alan C. Turner<br>Jason R. Meltzer<br>Thomas C. Rice<br>Simpson Thacher & Bartlett, LLP<br>aturner@stblaw.com<br>jmeltzer@stblaw.com<br>trice@stblaw.com<br><br>David O. Tittle<br>Briana L. Kovac<br>Bingham McHale LLP<br>dtittle@binghammchale.com<br>bkovac@binghammchale.com | RBS Securities Inc., f/k/a Greenwich Capital Markets, Inc. |
| Thomas P. Cimino, Jr.<br>Jeanah Park<br>Joseph A. Strube<br>Vedder Price PC<br>tcimino@vedderprice.com<br>jpark@vedderprice.com<br>jstrubbe@vedderprice.com | Ally Financial f/k/a/ GMAC, Inc.<br>GMAC Mortgage Group LLC f/k/a GMAC Mortgage Group, Inc.<br>Residential Funding Mortgage Securities I, Inc.<br>Residential Funding Securities, LLC |
| Alan S. Brown<br>Thomas E. Satrom | Banc of America Mortgage Securities, Inc.<br>Banc of America Securities LLC |

| | |
|---|---|
| Frost Brown Todd LLC<br>abrown@fbtlaw.com<br>tsatrom@fbtlaw.com<br><br>Christopher P. Malloy<br>Jay B. Kasner<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>christopher.malloy@skadden.com<br>Jay.kasner@skadden.com | Bank of America Corporation |
| Michael T. McNally<br>Jason R. Delk<br>Delk McNally LLP<br>mcnally@delkmcnally.com<br>delk@delkmcnally.com<br><br>Brad S. Karp<br>Charles E. Davidow<br>Susanna M. Buergel<br>Paul, Weiss, Rifkind, Wharton & Garrison, LLP<br>bkarp@paulweiss.com<br>cdavidow@paulweiss.com<br>sbuergel@paulweiss.com | Citigroup Global Markets Inc. |
| George M. Garvey<br>Michael J. Mongan<br>Munger Tolles & Olson, LLP<br>george.garvey@mto.com<br>michael.mongan@mto.com<br><br>Karoline E. Jackson<br>Barnes & Thornburg LLP<br>kjackson@btlaw.com | Wells Fargo & Company<br>Wells Fargo Asset Securities Corporation<br>Wells Fargo Bank National Association |
| Christopher G. Scanlon<br>Harmony A. Mappes<br>Paul A. Wolfla<br>BAKER & DANIELS-Indianapolis<br>chris.scanlon@bakerd.com<br>harmony.mappes@bakerd.com<br>paul.wolfla@bakerd.com<br><br>A. Robert Pietrzak<br>Dorothy J. Spenner<br>Owen H. Smith<br>Tom A. Paskowitz<br>Sidley Austin, LLP | The Bear Stearns Companies LLC f/k/a<br>The Bear Stearns Companies, Inc. |

| | |
|---|---|
| rpietrzak@sidley.com<br>dspenner@sidley.com<br>osmith@sidley.com<br>tpaskowitz@sidley.com | |
| Scott H. Christensen<br>Hughes Hubbard & Reed LLP<br>christen@hugheshubbard.com<br><br>Jonathan P. Emenhiser<br>George M. Plews<br>Plews Shadley Racher & Braun, LLP<br>jemenhiser@psrb.com<br>gplews@psrb.com | IndyMac MBS, Inc. |

                                                  *s/ Derek W. Loeser*