**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **FEDERAL HOME LOAN BANK OF INDIANAPOLIS,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **CAUSE NO.  1:10-cv-1463-WTL-DML** |
| **BANC OF AMERICA MORTGAGE SECURITIES, INC., et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

**ENTRY REGARDING MOTION TO REMAND**

This cause is before the Court on the motion of Plaintiff Federal Home Loan Bank of

Indianapolis ("FHLBI") seeking to remand this case to the Marion County Superior Court

because it believes removal was improper.  The motion is fully briefed and the Court, being duly

advised, **GRANTS** the Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

The details of the facts alleged in FHLBI's lengthy complaint are largely irrelevant to the

issues now before the Court.  Suffice it to say that FHLBI purchased Private Label Mortgage

Backed Securities ("PLMBS") from the Defendants and ultimately suffered substantial losses as

a result of its investment in the PLMBS.  FHLBI alleges in this suit that the Defendants

misrepresented certain information regarding the PLMBS and that FHLBI would not have

purchased the PLMBS had the Defendants not made the alleged misrepresentations.  FHLBI

asserts claims for recision and damages under the Indiana Uniform Securities Act, the Securities

Act of 1933,[1] and applicable common law.

## DISCUSSION

FHLBI filed this case in state court; the Defendants removed it to this Court.  The issue before the Court is whether removal was proper.  The Defendants have proffered three grounds for federal jurisdiction over this case; FHLBI challenges each of these grounds.  In considering the parties' arguments, the Court is cognizant of the fact that the Defendants, as the removing parties, have the burden of establishing the existence of federal jurisdiction.  *See Schur v. L.A. Weight Loss Centers, Inc.,*, 577 F.3d 752, 758 (7th Cir. 2009).  "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Id.*

### *FHLBI's Charter*

FHLBI is a federally chartered bank that was created by the Federal Home Loan Bank Act of 1932 ("FHLB Act").   FHLBI's charter provides that it "shall have the power to . . . sue and be sued, [] complain and [] defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1432(a).  The Defendants, citing *American National Red Cross v. S.G.*, 505 U.S. 247 (1992), argue that this "sue and be sued" clause creates federal jurisdiction over any case in which the FHLBI is a party.  The Court disagrees.

In *American National Red Cross*, the issue before the Supreme Court was whether the

---

[1]As a general rule, of course, the presence of a claim brought pursuant to a federal statute would be sufficient to confer federal jurisdiction over a case.  However, the Securities Act of 1933 provides that removal of a case from state court may not be premised on the assertion of a claim under the Act. 15 U.S.C. § 77v(a).  FHLBI does not rely upon this non-removal clause as a basis for remand, however; in other words, FHLBI does not argue that the non-removal clause prohibits removal if an independent basis for federal jurisdiction exists.

charter of the American National Red Cross ("Red Cross") which, like FHLBI, is a federally chartered corporation, conferred federal jurisdiction by providing that the Red Cross could "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." The Court held that it did. By specifically mentioning federal courts in the "sue and be sued" clause, the Court found that the charter established federal jurisdiction over any case brought by or against the Red Cross.

The Defendants argue that the "sue and be sued" clause in FHLBI's charter compels the same result. The two clauses are not identical, however. The clause at issue in this case, unlike that in the Red Cross's charter, provides that FHLBI may sue or be sued in "*any court of competent jurisdiction*, State or Federal." This difference is dispositive. Rather than conferring federal jurisdiction, this Court believes that this language is intended to give FHLBI the ability to sue and be sued and provides that such a suit may proceed in either state court or federal court, as long as the court in question has jurisdiction over the suit. To hold otherwise would render the words "of competent jurisdiction" meaningless. *See Knuckles v. RBMG, Inc.,* 481 F.Supp.2d 559, 562-66 (S.D.W. Va. 2007), *quoted in Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp.2d 517, 523 (S.D. Tex. 2010) (addressing identical language in the charter of Fannie Mae and concluding that "for the phrase 'any court of competent jurisdiction' to have any meaning it should be read as differentiating between state and federal courts that possess 'competent' jurisdiction, i.e., an independent basis for jurisdiction, from those that do not."); *see also Federal Home Loan Bank of Atlanta v. Countrywide Securities Corp.,* 2011 WL 1598944 at *3 (N.D. Ga. Apr. 22, 2011) (collecting cases).

In so holding, the Court recognizes that other courts have reached the opposite

conclusion, most notably *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines,* 534 F.3d 779 (D.C. Cir. 2008), and it is not at all unreasonable for the Defendants to urge the Court to follow *Pirelli* and its progeny.  However, the Court notes that of all the cases cited by the Defendants on this issue[2] only *Pirelli* offers any analysis; several of the cases simply cite to the holding of *Pirelli*, others cite to *American National Red Cross* and apply its holding to the charter at issue in the case without acknowledging the "of competent jurisdiction" language, and still others simply state without comment that the charter at issue creates federal jurisdiction. And while reasonable minds obviously can and do differ on the issue, this Court finds more persuasive the reasoning of the concurring opinion in *Pirelli*, which strenuously refutes the majority's holding that the charter at issue creates federal jurisdiction.   Like Senior Judge Shadur in *Federal Home Loan Bank of Chicago v. Banc of America Funding Corp.*, ____ F. Supp.2d ____, 2011 WL 151842 (N.D. Ill., Jan. 18, 2011),

> [t]his Court's examination of all the cases has found persuasive the many District Court decisions that explain that courts must look beyond the words of Section 1432(a) for a source of federal subject matter jurisdiction. It has become convinced that Bank has the better of the argument and that the single two-judge

---

[2]*See* Defendants' Brief at 17 (citing *Griffin v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 42680 (E.D. Tex. Jan. 6, 2011); *Allen v. Wilford & Geske*, 2010 WL 4983487 (D. Minn. Dec. 2, 2010); *In re Fannie Mae 2008 Securities Litig.*, 2009 WL 4067266 (S.D.N.Y. Nov. 24, 2009); *Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707 (S.D. Iowa 2009); *Grun v. Countrywide Home Loans, Inc.*, 2004 WL 1509088 (W.D. Tex. July 1, 2004); *Rodriguez v. Federal Nat'l Mortg. Ass'n*, 268 F. Supp. 2d 87, 89–90 (D. Mass. 2003); *Connelly v. Federal Nat'l Mortg. Ass'n*, 251 F. Supp. 2d 1071, 1072–73 (D. Conn. 2003); *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 891 F. Supp. 371, 372 (S.D. Tex. 1994); *Peoples Mortg. Co. v. Federal Nat'l Mortg. Ass'n*, 856 F. Supp. 910, 917 (E.D. Pa. 1994); *55 Motor Ave. Co. v. Liberty Indus. Finishing Corp.*, 885 F. Supp. 410, 415, 419 (E.D.N.Y. 1994); *Fed. Home Loan Bank of Pittsburgh v. J.P. Morgan Securities, Inc.*, 2009 WL 5178904 (W.D. Pa. Dec. 21, 2009).

majority opinion in [*Pirelli*][3] does not carry the day as against the careful analysis in the growing list of District Court decisions that have concluded otherwise.

With this Entry, that list has now grown by one.

### *Diversity Jurisdiction*

The Defendants also argue that removal was proper because this Court has jurisdiction over this case based on diversity of citizenship.  The resolution of this issue hinges solely on the citizenship of FHLBI.  If, as the Defendants allege, FHLBI is a citizen of Indiana, this Court has jurisdiction;[4] if, as FHLBI alleges, it is not a citizen of any state, jurisdiction cannot be based on diversity of citizenship.

The parties all agree that the general rule is that "unless a specific statutory provision dictate[s] otherwise," a federally chartered corporation is not a citizen of any state and therefore is "not eligible for diversity jurisdiction."  *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 428 (7th Cir. 2009).  The Defendants argue that in this case there is a specific statutory provision that establishes FHLBI as an Indiana citizen or, more particularly, that the combination of a provision of the FHLB Act and FHLBI's organization certificate creates Indiana citizenship for FHLBI. The Court disagrees.

The FHLB Act directed that between eight and twelve "Federal Home Loan Bank districts" be created within the United States and that a Federal Home Loan Bank be established within each district "at such city as may be designated by the Director."  12 U.S.C. § 1423.  The

---

[3]Like Judge Shadur, this Court also finds particularly persuasive the well-reasoned concurring opinion of Judge Brown in *Pirelli*.

[4]There is no dispute that none of the Defendants is a citizen of Indiana and that the amount in controversy exceeds $75,000.

Act does not establish the citizenship of the banks; indeed, the Act does not even dictate the state in which each of the banks is to be located.  There is simply no "specific statutory provision" that dictates that FHLBI is a citizen of Indiana; rather, FHLBI is a federally chartered corporation that happens to be located within Indiana.

The Defendants also argue that FHLBI falls under a "localized activities exception" pursuant to which a federally chartered corporation whose activities occur primarily in one state may be considered a citizen of that state for diversity jurisdiction purposes.  *See Hukic*, 588 F.3d at 428 (noting that "courts sometimes recognized an exception" to the general rule that a federally chartered corporation is not the citizen of any state "if activities were localized in one state") (citing *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir.1995); *Provident Nat'l Bank of Cal. Federal Savs. & Loan Ass'n*, 624 F.Supp. 858, 861 (E.D. Pa.1985), *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 455-56 (3rd Cir.1959)).[5]  Courts applying this exception look at several factors, including: (1) the corporation's principal place of business; (2) the existence of branch offices outside of the state; (3) the amount of business transacted by the corporation in different states; and (4) any other evidence that the corporation is local or national in nature.  *See Fickling*, 58 F.3d at 606.

In this case, the Court finds the most compelling factor to be the fact that FHLBI was not created as an Indiana institution, but rather as one of twelve *regional* institutions, each serving a particular district–in FHLBI's case a district that encompasses Indiana and Michigan.  Thus while the cases cited by the Defendants support their position that the "localized activities

---

[5]The Defendants characterize this language as the Seventh Circuit citing these cases with approval.  That reading is overly generous; the language–which is dicta–is better characterized as simply noting in passing the holding of the cited cases without comment.

exception" does not require the corporation's activities to be wholly limited to one state, it would seem to stretch the exception beyond its reasonable limits to apply it to a corporation that by its very nature is designed to represent a two-state region.

FHLBI's activities support this conclusion.  While FHLBI's single office is located in Indiana, and its name refers to Indianapolis, the majority of FHLBI's business occurs outside of the state.

> For example, because it is a member-based financial institution, a substantial portion of the Bank's business is geared towards offering credit services to its members, including secured loans, or "advances." In 2009, FHLBI's advances accounted for 48% of the Bank's total assets, and 61% of the Bank's advances to its members were made to institutions outside of Indiana.  Moreover, ten of the Bank's eighteen directors have their business addresses outside of Indiana.  A majority of the Bank's member institutions (217 out of 409) are citizens of states other than Indiana,  and sixty-two percent of the Bank's stock is owned by members who are based outside of Indiana.  Finally, under the Bank's Mortgage Purchase Program ("MPP"), the Bank has purchased mortgage loans and currently holds for portfolio $7.27 billion in mortgage loans, which account for 15.6% of the Bank's total assets and generate 36.7% of the Bank's total interest income.  These MPP loans are dispersed across all 50 states and the District of Columbia, with over 83% located outside of Indiana.

FHLBI Brief at 24 (citations omitted).  Thus, FHLBI was not intended by Congress to be a local Indiana institution and it has not operated as one.  Accordingly, the "localized activities exception" does not apply to it.  *Cf. Federal Home Loan Bank of Atlanta,* 2011 WL 1598944 at *2 (performing same analysis and reaching same conclusion as to Federal Home Loan Bank of Atlanta); *Federal Home Loan Bank Of Chicago*, _____ F. Supp.2d _____, 2011 WL 151842 at *1 (same for Federal Home Loan Bank of Chicago); *Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc.,*736 F. Supp.2d 1283, 1289 (W.D. Wash. 2010) (same for Federal Home Loan Bank of Seattle).

### *Related to Bankruptcy Proceeding*

Four of the Defendants–UBS Securities LLC, Wells Fargo & Company, Wells Fargo Asset Securities Corporation, and Wells Fargo Bank, National Association (collectively referred to herein as the "UBS Defendants")–assert a third basis for federal jurisdiction.  Pursuant to 28 U.S.C. § 1334(b), federal courts have jurisdiction over any claim that is "related to" a bankruptcy proceeding.  Some of the PLMBS at issue in this case contained mortgages that were originated by American Home Mortgages ("AHM") and IndyMac, F.S.B. ("IndyMac"), both of which are now in bankruptcy.  The UBS Defendants allege that AHM and IndyMac "made certain representations and warranties regarding the characteristics of the underlying mortgages, and they agreed in writing to indemnify, respectively, UBS or Wells Fargo against claims for any alleged breaches– including those alleged in Plaintiff's complaint."  UBS Defendants' Brief at 8. Based upon these indemnification provisions, Wells Fargo has filed Amended Proofs of Claim in the bankruptcy court in which AHM's bankruptcy proceeding is pending asserting "'the various contractual, statutory, common law and/or other claims of indemnity, contribution and reimbursement against the Debtor for damages and costs that have already been incurred and will likely continue to be incurred" as a result of Plaintiff's filing of this action."  *Id.*  The UBS Defendants argue that their indemnification claims against AHM and IndyMac "will the reduce the assets available in to other creditors of these bankrupt entities," and therefore this case is "related to" their bankruptcies.

As noted above, "[t]he party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur*, 577 F.3d at 758.  While the UBS Defendants have demonstrated that it is theoretically possible that this case could

eventually have some impact on the IndyMac and/or the AHM bankruptcies, they have not demonstrated any more than that, and the Court is not convinced that this is enough to support a finding that this case is "related to" those bankruptcy proceedings.  Further, even if the UBS Defendants' showing were sufficient to establish "related to" jurisdiction, the Court finds that remand would nonetheless be appropriate pursuant to 28 U.S.C.A. § 1452(b), which provides that a case that was removed pursuant to § 1334 may be remanded "on any equitable ground." The equities in this case favor permitting this case to proceed in the Plaintiff's chosen forum, rather than exercising federal jurisdiction based upon the possibility that a portion of this case could eventually have some effect on tangentially related bankruptcy proceedings pending elsewhere.

## CONCLUSION

For the reasons set forth above, FHLBI's motion to remand is **GRANTED** and this case is **ORDERED REMANDED** to the Marion County Superior Court.  The parties shall bear their own costs. **As required by 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of this remand order to the Clerk of the Marion County Superior Court.**

SO ORDERED:   05/25/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification